UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CARLO SAVAGLIO, on his own
behalf and others similarly situated,

    Plaintiff,

v.

U.S. VENTURE GROUP, INC., f/k/a
ARMENTI CONSTRUCTION & ACCESS
SYSTEMS, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CARLO SAVAGLIO ("Mr. Savaglio"), on behalf of himself and other employees and former employees similarly situated, files this Complaint against Defendant, U.S. VENTURE GROUP, INC., f/k/a ARMENTI CONSTRUCTION & ACCESS SYSTEMS, INC., a Florida Corporation ("US Venture"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*)(the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 USC §216(b).

## PARTIES

3. Mr. Savaglio was, and continues to be a resident of Palm Beach County, Florida.

4. US Venture is a Florida corporation and was engaged in business In Florida, with a principal place of business in Florida.

5. US Venture is a service company located in Lake Worth, Palm Beach County.

6. Mr. Savaglio was an employee of US Venture within the meaning of the FLSA.

7. US Venture was Mr. Savaglio's employer within the meaning of the FLSA.

8. Based upon information and belief the annual gross revenue of US Venture was in excess of $500,000.00 per annum during the relevant time periods.

9. The work performed by Mr. Savaglio was essential to the business performed by US Venture.

## STATEMENT OF FACTS

10. From approximately October 29, 2010 through November 15, 2012, Mr. Savaglio was employed with US Venture as an hourly paid employee.

11. At various material times within the last 3 years. Mr. Savaglio worked for US Venture in excess of forty (40) hours within a work week.

12. During the time period from October 29, 2010 through November 15, 2012, US Venture failed to compensate Mr. Savaglio at the rate of one and a half times Mr. Savaglio's regular rate of pay for all hours worked in excess or forty (40) within a

single work week. Instead, Mr. Savaglio and all other similarly situated employees were paid "straight time" or their regular rate of pay for their overtime hours worked. Mr. Savaglio should be compensated at the rate of one and a half times Mr. Savaglio's regular rate for those hours that he worked in excess of forty (40) per week, as required by the FLSA.

13. US Venture has violated Title 29 U.S.C. §207 from at least October 29, 2010 through November 15, 2012, in that:

    a. Mr. Savaglio worked in excess of forty (40) hours per week for the period in which he was employed with US Venture;

    b. No payments, and provisions for payment, have been made by US Venture to properly compensate Mr. Savaglio at the statutory rate of one and a half times Mr. Savaglio's regular rate for those hours worked in excess of forty (40) per work week as provided by the FLSA; and

    c. US Venture has failed to maintain proper time records as mandated by the FLSA.

14. Mr. Savaglio retained Wright, Ponsoldt, & Lozeau Trial Attorneys, LLP to represent him in the litigation and has agreed to pay the firm a reasonable fee for its service.

## COUNT 1
## RECOVERY OF OVERTIME COMPENSATION

15. Mr. Savaglio realleges and reavers paragraphs I through 14 as if fully set forth herein.

16. From at least October 29, 2010 through November 15, 2012, Mr. Savaglio worked overtime hours for which he was paid his regular rate of pay (straight time) and not the statutory rate of one and a half times his regular rate of pay.

17. Mr. Savaglio was, and is entitled to be paid at the statutory rate of one and a half times his regular rate of pay for those hours worked in excess of forty (40).

18. US Venture failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

19. US Venture's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Mr. Savaglio at the statutory rate of one and a half times Mr. Savaglio's regular rate of pay for the hours worked in excess of forty (40) per week, plus liquidated damages.

20. Mr. Savaglio is entitled to an award of reasonable attomeys' fees and costs pursuant to 29 U.S.C. §216(b).

21. US Venture failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4. with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

22. Based upon information and belief, the employees and former employees of US Venture similarly situated to Mr. Savaglio were not paid for all hours worked, and to the extent such hours, if properly credited to Mr. Savaglio, would have credited Mr. Savaglio with more than forty (40) hours or more hours In a work week, US Venture has

failed to properly pay Mr. Savaglio and those similarly situated to him, proper overtime wages for such hours,

WHEREFORE, Mr. Savaglio respectfully requests that judgment be entered In his favor against US Venture:

    a.    Declaring pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Mr. Savaglio overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week;

    c.    Awarding liquidated damages in an amount equal to the overtime award;

    d.    Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b):

    e.    Awarding pre-judgment Interest; and

    f.    Ordering any other further relief the Court deems just and proper.

## COUNT II - DECLARATORY RELIEF

23.    Mr. Savaglio realleges and reavers paragraphs I through 14 as if fully set forth herein.

24.    Mr. Savaglio and US Venture have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant 1028 U.S.C.§ 1331, as a federal question exists.

25.    The Court also has jurisdiction to hear Mr. Savaglio's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§2201-2202.

25.    Mr. Savaglio may obtain declaratory relief.

26.  US Venture employed Mr. Savaglio.

27.  US Venture is an enterprise.

28.  Mr. Savaglio was individually covered by the FLSA.

29.  US Venture failed to pay Mr. Savaglio for all hours worked.

30.  Mr. Savaglio is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

31.  US Venture did not keep accurate time records pursuant to 29 U.S.C. §21 J(c) and 29 C.F.R. Part 516.

32.  US Venture did not rely upon a good faith defense.

33.  Mr. Savaglio is entitled to an equal amount of liquidated damages.

34.  It is in the public interest to have these declarations of rights recorded.

35.  Mr. Savaglio's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

36.  The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

37.  Mr. Savaglio demands a trial by jury.

WHEREFORE, Mr. Savaglio demands a declaration of rights finding that an employer-employee relationship existed, Mr. Savaglio worked over forty hours in a work week without receiving correct overtime compensation pursuant to the FLSA, US Venture failed to keep accurate time records, US Venture failed to prove a good faith defense, Mr. Savaglio is entitled to overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

## JURY DEMAND

Mr. Savaglio demands a trial by Jury on all issues so triable as a matter of right by jury.

DATED June 12, 2014.

        WRIGHT, PONSOLDT & LOZEAU,
         TRIAL ATTORNEYS, L.L.P

        s/ Louis E. Lozeau, Jr.
        LOUIS E. LOZEAU, JR.
        Fla. Bar. No. 985449
        1002 S.E. Monterey Commons Blvd. #100
        Stuart, FL 34996
        (772) 286-5566 Telephone
        (772) 286-9102 Facsimile
        Primary Email: llozeau@wpltrialattorneys.com
        Secondary Email: dnorth@wpltrialattorneys.com
        Attorneys for Plaintiff